UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEDDRIC TARVER, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | Case No.: 2:16-cv-00315-RDP |
| | } | |
| LAWSON STATE COMMUNITY | } | |
| COLLEGE, et al., | } | |
| | } | |
| Defendants. | } | |

MEMORANDUM OPINION

I.      Introduction

This matter is before the court on Defendant Dr. Perry Ward's Motion to Dismiss Count I of Plaintiff's Amended Complain on the Grounds of Qualified Immunity.  (Doc. # 16).  In his motion, Defendant Ward seeks dismissal of Count One of Plaintiff's Amended Complaint. Defendant's motion is fully briefed.  (Docs. # 17, 21, 22).  For the reasons stated below, Defendant's motion is due to be granted in part and denied in part.

II.     Factual Background

Beginning in 2010, Plaintiff was employed with Lawson State Community College ("Lawson State") as an assistant men's basketball coach.  (Doc. # 3 at ¶ 12).  Plaintiff continued to work for Defendant Lawson State until September 2015, when school officials contacted him regarding the renewal of his yearly contract.  (*Id.* at ¶ 13).  However, approximately one week before he was to sign another contract renewing his employment, Lawson State officials informed Plaintiff that he had been accused of making inappropriate remarks to female student athletes.  (*Id.* at ¶ 17).  Defendant Lawson State conducted an investigation regarding these

accusations, but the school did not interview any of the witnesses Plaintiff offered on his behalf. (*Id.* at ¶ 18). Ultimately, Defendant Lawson State concluded the allegations made against Plaintiff were substantiated, and terminated Plaintiff without providing him a hearing. (*Id.*).

After his termination, Plaintiff attempted to contact Defendant Ward, the President of Lawson State, who has authority to make personnel decisions on behalf of the school. (*Id.* at ¶¶ 19, 22). Initially, Plaintiff was not given an audience with Defendant Ward. (*Id.* at ¶ 20). After obtaining an attorney, he was given a "name clearing hearing." (*Id.*). However, that hearing did not afford him the opportunity to contest the basis of his dismissal. (*Id.*).

Also in September 2015, Plaintiff learned that a white female part-time coach had been offered a contract that would pay her significantly more than Plaintiff. (*Id.* at ¶ 15). Defendant Ward stated that this white female part-time coach was paid more than any of the African-American part-time coaches because the school needed "diversity." (*Id.*). Plaintiff later learned that several other white part-time coaches and administrators were hired after him and paid more than him at the time of they were hired. (*Id.*).

## III. Standard of Review

The Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Still, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the

complaint in the light most favorable to the nonmoving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556. The Supreme Court has identified "two working principles" for a district court to use in applying the facial plausibility standard. First, in evaluating motions to dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the court does not have to accept as true legal conclusions when they are "couched as . . . factual allegation[s]." *Iqbal*, 556 U.S. at 678. Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

Application of the facial plausibility standard involves two steps. Under prong one, the court must determine the scope and nature of the factual allegations that are well-pleaded and assume their veracity; and under prong two, the court must proceed to determine the claim's plausibility given the well-pleaded facts. That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Id*. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Id.*

**IV.     Analysis**

Defendant Ward's motion to dismiss proceeds on two grounds.  First, he argues that

Plaintiff's Amended Complaint fails to state a due process claim because it does not establish

that Plaintiff had a protected property interest in his continued employment.[1]  (Doc. # 17 at p. 3).

Second, he argues that Plaintiff's equal protection claim is due to be dismissed because Plaintiff

fails to allege the existence of a similarly situated comparator.  (*Id.* at p. 8).  The court will

address each argument, in turn.

> **A.     Plaintiff's Amended Complaint Fails to Plead the Existence of a Protected
>              Property Interest**

Count One of Plaintiff's Amended Complaint alleges violations of Plaintiff's due process

and equal protection rights, by way of 42 U.S.C. § 1983.  The Fourteenth Amendment protects

against the government's deprivation of liberty or property without due process. *Warren v.

Crawford*, 927 F.2d 559, 562 (11th Cir. 1991).  Where an individual has a "property right" in

continued employment, a state cannot deprive that individual of that property without due

process. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985) (citing *Memphis Light,

Gas & Water Div. v. Craft*, 436 U.S. 1, 11-12 (1978); *Goss v. Lopez*, 419 U.S. 565, 573-74

(1975)).  However, property interests are not created by the Constitution.  *Id.*  Instead, they are

created from "existing rules or understandings which stem from an independent source such as

state law." *Id.* (quoting *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)).

---

[1] In the alternative, Defendant argues that even if Plaintiff had an established property interest in his
employment, he was nonetheless given procedural due process. (Doc. # 17 at p. 4).  In support of this argument,
Defendant has provided an affidavit from Lawson State's Director of Human Resources, which purports to describe
the specific notice and hearing which Plaintiff received prior to his termination. (Doc. # 16-2).  But, on a motion to
dismiss, the court is required to assume the veracity of Plaintiff's well-pleaded allegations. *Iqbal*, 556 U.S. at 678.
Accordingly, consideration of the affidavit presented by Defendant at the motion to dismiss stage would be
improper, as the assertions contained therein fall outside the four corners of Plaintiff's Amended Complaint. *Day v.
Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005).

Generally speaking, a public employee has no property right in his employment. *Ogletree v. Chester*, 682 F.2d 1366, 1369 (11th Cir. 1982). And, "[f]or purposes of establishing a property right in continued employment under Alabama law, the crucial question is whether the employment is terminable by the employer 'at will' or whether the employer's discretion to discharge the employee is somehow fettered." *Green v. City of Hamilton, Hous. Auth.*, 937 F.2d 1561, 1564 (11th Cir. 1991). Indeed, a public employee who may be discharged at will has no property interest in continued employment and no entitlement to due process. *Id.* (citing *Davis v. Mobile Consortium of CETA*, 857 F.2d 737, 741 (11th Cir. 1988)).

> It has long been the law [in Alabama] … that employment is terminable at will by either party for any reason unless there is an express and specific contract for lifetime employment or employment for a specific duration. [A]bsent an agreement on a definite term, any employment is considered to be "at-will," and may be terminated by either party, with or without cause or justification. Furthermore, employees in Alabama bear a heavy burden of proof to establish that an employment relationship is other than 'at will.' The law considers lifetime or permanent employment contracts to be extraordinary and not lightly to be implied.

*Howard v. Wolff Broad. Corp.*, 611 So. 2d 307, 310-11 (Ala. 1992).

Here, Plaintiff's amended complaint avers that his "property interest in continued employment was not secured by a contractual tenure provision, however, rules and understandings promulgated and fostered by Lawson State officials created a de facto tenure program and Tarver had tenure under that program." (Doc. # 3 at ¶ 14). To be sure, an employee may develop a property interest in his employment through a "*de facto* tenure," even where tenure has never formally been conferred. *Gray v. Bd. of Regents of Univ. Sys. of Georgia*, 150 F.3d 1347, 1352 (11th Cir. 1998) (citing *Perry v. Sindermann*, 408 U.S. 593 (1972)). Indeed, "a property interest might be manifested by an employer's historical practices and past conduct which rise to the level of a 'common law,' or institutional understanding, of the

employment relationship that both parties recognize and rely on as establishing their respective rights and responsibilities." *Id.*

While Plaintiff attempts to base his due process claim on such a theory, the only factual support he has pled is wholly conclusory. While Plaintiff contends that "rules and understandings" created a *de facto* tenure program at Lawson State, he has not pled any description of what specific "rules and understandings" worked to create this property right. While a property interest can be created by an employer's historical practices or past conduct, Plaintiff has not pled the existence of any conduct which would create such an interest. Without such plausibly pled factual allegations, Plaintiff's amended complaint fails to assert that his employment constituted a protected property interest, and in turn fails to plausibly plead a right to relief under the due process clause of the Fourteenth Amendment.

However, in his response brief, Plaintiff argues that a number of factors worked together to create a property interest in his employment. (Doc. # 21 at pp. 9-10). Specifically, Plaintiff contends that: (1) his appointment letter indicated that his employment was for a nine month term, and that it did not reflect that he could be terminated without cause; (2) he had already begun working for the 2015-2016 season when he was terminated, and he had an expectation of working for at least the term of the contract; and (3) he and Lawson State had a mutual understanding that every year he would work from September to May as an assistant basketball coach, and then over the summer as a recruiter. (Doc. # 21 at p. 10). While Plaintiff's argument in his response helps clarify what "rules and understandings" purportedly created a property right in his continued employment, the factors included in his response are not pled in his amended complaint. Accordingly, Plaintiff will be granted the opportunity to re-plead his complaint to

include any factual support which would plausibly demonstrate that he had a property interest in his continued employment.[2]

### B.     Plaintiff's Amended Complaint Plausibly Pleads an Equal Protection Claim

Plaintiff also claims that Defendants discriminated against him based upon pay in violation of the Equal Protection Clause of the Fourteenth Amendment. Individuals, such as Plaintiff, have a constitutional right to be free from unlawful discrimination and harassment in public employment. *Davis v. Passman*, 442 U.S. 228, 235 (1979). Accordingly, in order to plead a violation of the Equal Protection Clause, Plaintiff must allege facts which plausibly demonstrate a discriminatory motive or purpose behind the alleged discriminatory conduct. *Cross v. Alabama*, 49 F.3d 1490, 1507 (11th Cir. 1995). When a plaintiff bases his equal protection claim on the theory that he suffered an adverse employment action based on his race or gender, as is the case here, the elements and analysis for a § 1983 claim and a Title VII claim are the same. *Id.* at 1507-08.

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. . . .'" *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1288 (11th Cir. 2003) (quoting 42 U.S.C. § 2000e–2(a)(1)). Plaintiff is not required to prove directly that race was the reason for the employer's challenged decision; instead, Plaintiff may rely on either direct[3] or circumstantial evidence of discrimination. *See, e.g., id.*; *St.*

---

[2] To be clear, nothing in this opinion should be construed to suggest that the court has expressed an opinion (one way or the other) with respect to the potential viability of Plaintiff's due process claim should he amend his complaint to include the facts listed in his response brief. Instead, this opinion only allows Plaintiff the opportunity to amend his complaint.

[3] Direct evidence is "evidence, which if believed, proves the existence of the fact in issue without inference or presumption." *Maynard*, 342 F.3d at 1288 (citing *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1189 (11th Cir. 1987)). If a plaintiff offers direct evidence and the trier of fact accepts that evidence, then the plaintiff has proven discrimination. *McCarthney v. Griffin-Spalding Cnty. Bd. of Educ.*, 791 F.2d 1549, 1553 (11th Cir. 1986).

*Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 526 (1993) ("Because Title VII tolerates no racial discrimination, subtle or otherwise, we devised a framework that would allow both plaintiffs and the courts to deal effectively with employment discrimination revealed only through circumstantial evidence." (internal quotations and citations omitted)).

To prevail on a claim for discrimination under Title VII based on circumstantial evidence, Plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was treated less favorably than a similarly-situated individual outside his protected class. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

In support of his motion for dismissal of Plaintiff's Equal Protection claim, Defendant argues that Plaintiff has failed to allege the existence of a similarly situated comparator. In support of this argument, Defendant has attached three affidavits to his motion which purport to establish the basis for Lawson State's pay structure and distinguish Plaintiff from the comparators identified in his complaint. (*See* Doc. # 16-1, 16-2, 16-3). While the court could properly consider these affidavits at the summary judgment stage, Defendant's motion before the court is a motion to dismiss. Assuming the veracity of Plaintiff's well-pleaded allegations, as the court must when analyzing Defendant's motion, Plaintiff's amended complaint plausibly pleads the existence of similarly-situated individuals outside of his protected class who were treated more favorably than him. Plaintiff, an African-American male who was employed as a coach part-time, was paid $12,500 yearly. (Doc. # 3 at ¶¶ 12-13). By contrast, he alleges that a white female coach, who also worked part-time, was paid $32,000 yearly. (*Id.* at ¶ 15). Moreover, Plaintiff avers that "several part-time white coaches and administrators hired after him were all paid more than him at the time of their hire." (*Id.* at ¶ 16). These facts plausibly *plead* the

8

existence of similarly situated comparators.  Moreover, Plaintiff's amended complaint plausibly pleads the existence of evidence which supports an inference that this pay disparity was motivated by consideration of Plaintiff's race and/or gender. (Doc. # 3 at ¶ 15 (alleging that Defendant Ward stated that the white female part-time coach was paid more than the African-American part-time coaches because the school needed "diversity")).

While Defendant Ward styles his motion as one asserting qualified immunity, he only argues for dismissal of Plaintiff's equal protection claim based on Plaintiff's purported failure to provide a similarly situated comparator for his equal protection claim.  Nonetheless, the court will briefly address whether the qualified immunity defense is available to Defendant Ward at this stage.  Qualified immunity shields "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Qualified immunity utilizes an "objective reasonableness standard, giving a government agent the benefit of the doubt unless her actions were so obviously illegal in the light of then-existing law that only an official who was incompetent or who knowingly was violating the law would have committed them."  *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1366 (11th Cir. 1998).  The Eleventh Circuit has cautioned that, "[b]ecause qualified immunity shields government actors in all but exceptional cases, courts should think long and hard before stripping defendants of immunity."  *Lassiter v. Ala. A&M Univ., Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994). "We generally accord . . . official conduct a presumption of legitimacy." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 179 (1991).

The court determines whether a defendant is entitled to qualified immunity by engaging in a three-step analysis. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1136-37 (11th Cir. 2007). The initial burden is on the official claiming qualified immunity to establish that he was acting within his discretionary authority. *Id.* Upon that initial showing, the burden shifts to the plaintiff to show that the "defendant's conduct violated a statutory or constitutional right." *Id.* at 1136-37 (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). Finally, "the plaintiff must show that the violation was 'clearly established.'" *Id.* at 1137; *Snider v. Jefferson State Cmty. Coll.*, 344 F.3d 1325, 1328 (11th Cir. 2003) ("When case law is needed to 'clearly establish' the law applicable to the pertinent circumstances, we look to decisions of the U.S. Supreme Court, the United States Court of Appeals for the Eleventh Circuit, and the highest court of the pertinent state." (citing *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1032-33 n.10 (11th Cir. 2001) (en banc)).

Here, Plaintiff has pled that Defendant Ward, as President of Lawson State, had the authority to hire, discipline, or fire Plaintiff. (Doc. # 3 at ¶ 22). And, Plaintiff seeks relief from Defendant Ward based on actions which Defendant Ward took pursuant to that authority. (*Id.* at ¶¶ 24-26). Accordingly, Plaintiff's Amended Complaint alleges conduct which occurred while Defendant Ward was acting within his discretionary authority.

The question then becomes whether Plaintiff's Amended Complaint has pled facts which would show that Defendant Ward's conduct violated Plaintiff's rights under the Equal Protection Clause. Plaintiff has pled that he is an African-American male. (*Id.* at ¶ 12). And, Plaintiff has specifically alleged that he was paid less than other part-time employees, who were white (and at least one comparator Plaintiff named is female). (*Id.* at ¶¶ 13, 15-16). Plaintiff has further alleged facts which purport to support an inference that this pay disparity was directly related to his race and/or gender. He has alleged that Defendant Ward had decision-making authority

regarding the terms of his employment, and that, according to Defendant Ward, a white part-time female coach was paid more than any African-American part-time coaches because the Lawson State needed "diversity." (*Id.* at ¶¶ 15, 22). These allegations, at the motion to dismiss stage, are sufficient to show that Defendant Ward's conduct amounted to a constitutional violation. *See Edwards v. Fulton Cty.*, 363 F. App'x 717, 718 (11th Cir. 2010) (complaint stated violation of Equal Protected Clause where the plaintiff, and African-American male, alleged that he was paid less than women and white employees who performed the same duties)[4].

The conclusion that Plaintiff has sufficiently alleged a constitutional violation is not the end of the inquiry. Plaintiff must also show that the right violated was clearly established. It is axiomatic that there exists a right to be free from intentional, race-based and/or sex-based employment discrimination under the Equal Protection Clause. *Smith v. Lomax*, 45 F.3d 402, 407 (11th Cir. 1995); *Yeldell v. CooperGreen Hosp., Inc.*, 956 F.2d 1056, 1064 (11th Cir. 1992). And, as addressed above, this Circuit has held that an employer's discriminatory pay practices may constitute violations of the Equal Protection Clause. The Supreme Court has held that courts should pay no attention to the subjective intent of the government actor in ruling on qualified immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800, 815-18 (1982). The Supreme Court's in *Harlow* rejected root and branch prior Supreme Court precedent requiring assessment of subjective intent when assessing qualified immunity. Despite that admonition in *Harlow*, our Circuit has said that in one kind of qualified immunity case -- where discriminatory intent is an element of the tort -- intent remains relevant. *See Edwards v. Wallace Community College*, 49 F.3d 1517, 1524 (11th Cir. 1995). *See also Nicholson v. Georgia Dep't of Human Resources*,

---

[4] The court found it instructive that one Defendant in *Edwards*, the County Manager, ignored memoranda notifying him of pay discrepancies and instead continued the discriminatory practice. *Edwards*, 363 F. App'x at 718. Plaintiff has alleged a similar scenario here. He contends that Defendant Ward knew about the purported pay disparities, and ratified the pay practices based on the school's need for diversity. (Doc. # 3 at ¶ 15).

918 F.2d 145, 147 (11th Cir. 1990).  "[I]n qualified immunity cases, intent is a relevant inquiry *if discriminatory intent is a specific element* of the constitutional tort; and, we follow that rule here."  *Ratliff v. Dekalb Co., Ga.*, 62 F.3d 338, 341 (11th Cir. 1995) (emphasis in original).

After careful review, the court concludes that, at least at this point, Plaintiff has sufficiently alleged that he was paid less than similarly situated employees, due to his race and gender – a violation of clearly established law.  He has also alleged that Ward, in particular, so discriminated against him.  As such, at this stage Defendant Ward is not entitled to qualified immunity as to Plaintiff's equal protection claim.  Defendant's motion to dismiss as to Plaintiff's equal protection claim is due to be denied.

## V.  Conclusion

For the reasons stated above, Defendant's Motion to Dismiss (Doc. # 16) is due to be granted in part and denied in part.  Defendant's motion is due to be granted as to Plaintiff's due process claim, and that claim is due to be dismissed without prejudice.  However, Plaintiff will be granted the opportunity to re-plead his due process claim in an amended complaint. Defendant's motion is due to be denied as to Plaintiff's equal protection claim.

**DONE** and **ORDERED** this June 7, 2017.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE